IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| David Jackson, ) | |
| ) | Civil Action No. 8:05-1066-CMC-BHH |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff, David Jackson, brought this action pursuant to Section 205(g) of the Social Security Act (the "Act"), as amended (42 U.S.C. 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.

**RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS**

The plaintiff was 45 years old on the date his alleged disability began, November 10, 1996, and was 53 years old on the date of the Commissioner's final decision. (R. at 98, 382.) The plaintiff has an eleventh grade education (R. at 154, 190, 272, 402, 418), and has relevant work experience as a tobacco farmer (R. at 122-23, 176, 178, 202-07, 408).

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

On July 5, 2000, the plaintiff protectively filed his current applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Act (R. at 98-100, 382-86), alleging that he became disabled on November 10, 1996 (R. at 98, 382), due to heart problems, asthma, headaches, high blood pressure, bad nerves, decreased vision in the left eye, back problems, and shortness of breath (R. at 137, 184).

The plaintiff's applications were denied in both initial and reconsidered determinations (R. at 37-38, 60-69, 386-95), and the plaintiff filed a request for an administrative law judge (ALJ) hearing (R. at 70). After a hearing held December 12, 2002 (R. at 415-38), an ALJ denied the plaintiff's applications in a decision dated February 26, 2003 (R. at 39-48). The plaintiff sought review by the Appeals Council, which remanded the case for further proceedings on June 27, 2003. (R. at 84-87.) On remand, a different ALJ held a *de novo* hearing on March 9, 2004, which was attended by the plaintiff, his attorney, and a vocational expert. (R. at 396-414.) On August 24, 2004, the ALJ issued his decision, finding that the plaintiff was not disabled as defined in the Social Security Act. (R. at 15-28.)

The plaintiff requested Appeals Council review of the ALJ's decision. The request was denied on February 10, 2005 (R. 11-13), thereby making the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. § 404.981.

## APPLICABLE LAW

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. §423(a). "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

2

>has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. §423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. §404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. *See* 20 C.F.R. §404.1503(a); *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as :

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## DISCUSSION

The plaintiff contends that the ALJ erred in failing to find him disabled. Specifically, the plaintiff alleges that the ALJ erred in one regard: by relying on Grid Rule 202.10 of the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2, when the plaintiff is functionally illiterate.

The ALJ used Medical-Vocational Rule 202.10 merely as a framework for decision-making. (R. at 26, 28.) That Rule recommends a finding of "Not-Disabled" when a claimant is closely approaching advanced age, has a limited education or less, has previous unskilled work experience, and is literate. *See* 20 C.F.R. pt. 404, subpt. P, app. 2. The

ALJ, however, was not bound by the recommendations of the Grid Rules as he expressly found that the plaintiff was incapable of performing the full range of light work as a result of both exertional and non-exertional limitations (R. at 26).  *See* 20 C.F.R. § 404.1569; *Roberts v. Schweiker,* 667 F.2d 1143, 1145 (4th Cir.1981) (holding that when nonexertional limitations occur in conjunction with exertional limitations, the guidelines are not to be treated as conclusive); *Pratts v. Chater*, 94 F.3d 34, 39 (2nd Cir. 1996). The plaintiff does not contest the ALJ's reliance, generally, on the Grid Rules as a framework for the decision. He simply insists that the ALJ relied on the wrong Grid Rule.

The plaintiff contends that the ALJ should have relied upon Grid Rule 202.09 because the plaintiff is, in fact, illiterate.  Rule 202.09 recommends a finding of "Disabled" if the claimant is found to be closely approaching advanced age, has previous unskilled work experience, and is illiterate.  *Id*.  The parties, therefore, contend that the propriety of the ALJ's reliance on Grid Rule 202.10 turns on whether substantial evidence existed to support the ALJ's determination that the plaintiff was not illiterate.

To that end, the plaintiff relies heavily on an evaluation performed by the S.C. Vocational Rehabilitation Department on March 31, 1998, in which it was concluded that the plaintiff is "unable to read well enough to follow written instructions and complete job applications on his own." (R. at 379.)  As a result, the evaluation concluded that the plaintiff could only learn tasks "through demonstration and verbal instructions."  *Id*.  Further, an Intelligence Quotient test and the Wide Range Achievement Test were performed on the plaintiff in March 7, 1997.  As a result of those tests, Dr. Dan Allen concluded that the plaintiff could only read at a third grade level.  (R. at 272-74.)

The defendant responds that the plaintiff has completed the tenth or eleventh grade (R. at 154, 190, 272, 402, 418), and did not attend special education classes (R. at 155, 190). The plaintiff has further admitted that he could read at least some of his mail (R. at 403) and that he could read a magazine or newspaper, though "not that well" (R. at 419).

When questioned regarding his visual acuity, the plaintiff stated that his vision was adequate to read a newspaper. (Tr. 162.)

The Court, however, concludes that it need not go so far as to resolve the specific issue of the plaintiff's illiteracy. As stated, the Grid Rules, whether 202.09 or 202.10, are not conclusive of the ultimate issue of the plaintiff's disability and the ALJ did not so mechanically apply them. Instead, as a result of the presence of certain non-exertional limitations, it was necessary that a Vocational Expert ("VE") testify as to whether the "claimant retains the ability to perform specific jobs which exist in the national economy." *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir.1983). Here, the ALJ, in fact, submitted the plaintiff's limitations to a Vocational Expert ("VE"), to determine if jobs existed within the economy for which the plaintiff could perform in spite of his inability perform the full range of light work. In other words, the ALJ's conclusion was not simply the product of a rote application of the Grid Rules.

Critically, the ALJ specifically included in his hypothetical a limitation which reflected the plaintiff's present evidence concerning his inability to read instructions. Specifically, the ALJ asked the VE whether work existed for which the plaintiff could perform that "would only require the following of simple one- or two-step instructions . . . ." (R. at 434.) The plaintiff has never contested the hypothetical either now or at the hearing nor did the plaintiff's attorney cross-examine the VE as to any additional limitations related to the plaintiff's ability to read, beyond those articulated in the ALJ's original hypothetical. (*See* R. at 434-37.) Accordingly, the ALJ did not commit error by relying upon Rule 202.10 as a framework because he properly represented the level of the plaintiff's literacy, as supported by the record, to the VE for consideration. The VE's testimony based on such a properly detailed hypothetical constitutes substantial evidence for the ALJ's decision.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the Court concludes that the findings of the ALJ are supported by substantial evidence and recommends that the decision of the Commissioner be affirmed.

IT IS SO RECOMMENDED.

s/ Bruce H. Hendricks<br>
United States Magistrate Judge

June 29, 2006
Greenville, South Carolina